IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JEUUDAH KAY, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION 6:22-CV-01103-ADA-DTG |
| § | |
| KILLEEN POLICE DEPARTMENT, § | |
| ET AL., § | |
|     *Defendants*. § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

**TO:** THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Defendant Smart Communications Holding, Inc.'s Motion to Dismiss (ECF No. 4) and the Motion to Dismiss By City Of Killeen (ECF No. 6). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motions be **GRANTED.**

### I. FACTUAL BACKGROUND

In September 2022, "Honorable Queen Jeuudah Kay," the alleged "President and CEO" of the "Tribe of Judah: The Lion King Stock" sued Defendants in the 146th Judicial District Court, Bell County, Texas for the alleged civil rights violations. *See generally* ECF No. 2-2. The alleged violations relate to a no-knock warrant that was served in May 2014 on Marvin Guy. *Id.* Plaintiff did not allege any relationship to Marvin Guy. In November 2022, Defendants moved to

dismiss the case under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. *See* ECF Nos. 4 and 6.

## II.   LEGAL STANDARD

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction if expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. In ruling on a Rule 12(b)(1) motion, the court may consider any of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III.   DISCUSSION

Plaintiff alleges that she is a member of "a Sovereign Nation of the Tribe of Judah: The Lion King Stock, under Sovereign Rule of the Kingdom of Heaven." ECF No. 2-2 at 25. Plaintiff "demand[s], by the power vested in one, of the Fatha Alla, the Son Babeunde' and the Holy Spirit the [illegible] for the immediate release of King Marvin Louis Guy, an Isra El Lee." *Id.* at 26. Plaintiff further alleges that Defendants "are all confederates who have grossly sinned against Marvin Guy with astonishing overflowing abominations, some sequestered in the gag order of the Sinagog of Satanie the so-called Justice System, but many we see and have seen for over 8

years now. This has been done by allied conspiracy." *Id.* at 28. Plaintiff also alleges that Belton, Texas, "full of sorcerers and sorceries in the Jail-Satan's Seat, throne and Authority, has, by Confederacy gained Capital by Supporting Civil Rights Violations against Marvin Louis Guy that has caused not him, but Every Black Person in the Jail to walk the plank, so to speak." *Id.*

Defendants argue that these allegations are too fanciful to invoke the Court's jurisdiction. ECF No. 4 at 2-5; ECF No. 6 at 6-7. A complaint is frivolous when allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court. *Dilworth v. Dall. Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996).

Having thoroughly reviewed Plaintiff's pleadings, the Court agrees with Defendants. Plaintiff's allegations, as recited above, are fanciful, fantastic, delusional, and irrational. Indeed, Plaintiff's pleading contains characteristics of the sovereign citizen movement and raises arguments that are "indisputably meritless." *SEC v. Meta 1 Coin Tr.*, No. 1:20-CV-273-RP, 2020 WL 1931852, at *3 n.5 (W.D. Tex. Apr. 21, 2020). Even under the liberal pleading standard applicable to pro se parties, Plaintiff's pleadings are fanciful and irrational. *See Brinkmann v. Johnston,* 793 F.2d 111, 112 (5th Cir. 1986). Therefore, the Court finds that Plaintiff's allegations are insufficient to invoke the Court's limited jurisdiction and that granting the right to replead would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (holding amendment futile when an amended complaint would fail to state a claim upon which relief could be granted). Accordingly, the undersigned recommends dismissal of this case with prejudice.

Additionally, the Court finds that Plaintiff lacks standing to bring this claim. Plaintiff is apparently attempting to litigate the rights of a third party—Marvin Guy. ECF No. 2-2 at 23 ("Fourth Amendment Rights of Marvin Guy have been violated."), 24 ("Marvin Guy's Eighth Amendment Right. . . . Fourteenth Amendment Rights, . . . as a free man."). Plaintiff failed to identify any authority that would create standing for Plaintiff' to litigate the rights of another. To the extent Plaintiff claims to be an entity, an entity may not proceed pro se. *Sw. Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, (1993). And even if Plaintiff could proceed as a pro se entity, Plaintiff has not alleged that members of Plaintiff would have independent standing, that pursuing the claims in this case is in furtherance for Plaintiff's purpose for existing, or that Plaintiff could adequately litigate claims expressly based on Margin Guy's individual rights without his involvement in the case. *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 587-88 (5th Cir. 2006). For at least these reasons, Plaintiff has failed to establish standing to bring this suit, and the undersigned **RECOMMENDS** that Defendant's Motions be **GRANTED** Plaintiff's Complaint be **DISMISSED**.

Having found that it lacks jurisdiction and that Plaintiff lacks standing, the Court address Defendants' arguments as to dismissal under Rule 12(b)(6) out of an abundance of caution. Plaintiff's Original Petition (ECF No. 1-1 at 20-33; ECF No. 2-2 at 20-33), Plaintiff's Brief of Authorities and Standing (ECF No. 7), and Plaintiff's Supplemental to Complaint (ECF No. 8) can generously be interpreted as attempting to assert claims on behalf of a third-party, Marvin Guy. Beyond that, the pleadings contain confusing, fanciful, and rambling passages that fail to identify any cognizable legal claim or basis for any relief by Plaintiff—who identifies herself as "Honorable Queen JeuuDah Kay, Yahweh's Bottom Bae Dough: His Beloved Queen, and

Cherry on Top" and "Queen JeuuDah Kay, Queen of the Tribe of Jewwdah: The Lion King Stock." ECF Nos. 5 at 8 & 8 at 21. Plaintiff's pleadings are insufficient to state a claim on which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent Plaintiff attempts to collaterally attack third-party Marvin Guy's conviction, the pleadings fail to state a claim. *Heck v. Humphrey*, 512 U.S. 477 (1994). For these additional reasons, the undersigned **RECOMMENDS** that Defendant's Motions be **GRANTED** Plaintiff's Complaint be **DISMISSED**.

## IV. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Defendant Smart Communications Holding, Inc.'s Motion to Dismiss (ECF No. 4) and the Motion to Dismiss By City Of Killeen (ECF No. 6) be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 17th day of November, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE